THE ESTATE OF VALL *v.* MUÑOZ, DISTRICT JUDGE.

APPLICATION for Writ of *Certiorari.*

No. 44.—Decided April 22, 1908.

CERTIORARI—EFFECTIVENESS OF JUDGMENTS.—When compliance with an obligation is judicially demanded, precautionary measures may be applied for to the court to secure the effectiveness of judgment rendered therein, whatever the nature of such obligation may be—that is to say, whether it has been specified or not, to do or not to do, or to deliver a sum of money, or any other specific thing.

CERTIORARI—DECISIONS WHICH IT IS IMPOSSIBLE TO COMPLY WITH.—A writ of *certiorari* will not issue to correct errors which even supposing the same to have been committed are acts already performed and which would result in this court rendering orders which it would be practically impossible to comply with.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítiz* for petitioner.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The petitioners brought an action in the District Court of Guayama against Ricardo de la Torre and Ernesto Rivera Guasp for the recovery of $929.46, the obligation originating in a public document, and at the same time they prayed that measures be adopted to secure the effectiveness of the judgment, and as a consequence thereof an attachment issued against any property of the defendants, preferably against the balance of the proceeds of the sale at public auction of an

estate belonging to the defendant, Ernesto Rivera Guasp, held on February 21 of the current year.

When this complaint was filed and measures were applied for to secure the effectiveness of the judgment, another complaint had already been filed by Josefa Rivera Guasp against Ernesto Rivera Guasp for the recovery of a sum of money, and to secure the effectiveness of the judgment the same surplus of the proceeds of the sale had been attached.

Upon noting this anticipation in the proceedings, the complaint of the applicant for the writ of *certiorari* the Estate of Vall was amended to include, also, as defendants, the wife of Ricardo de la Torre, named Josefa Rivera Guasp, and the wife of Ernesto Rivera Guasp, named Josefa Dueño, and then, on March 11, 1908, a new order to secure the effectiveness of the judgment was applied for, the former order to be extended in the sense of directing the marshal of the court to withhold the delivery to Josefa Rivera Guasp, or to any other person in her name, of the surplus of the proceeds from the public sale of the estate belonging to Ernesto Rivera Guasp, notwithstanding the attachment levied in the case of Josefa Rivera Guasp against said Ernesto, until judgment should have been rendered in the proceedings prosecuted by the Estate of Vall Espinosa, represented by its administrator, Federico Vall Espinosa.

When the secretary of the court submitted to the Judge of Guayama the amended complaint and request for the extension of the order to secure the effectiveness of the judgment referred to in the preceding paragraph, the delivery of the money attached to Josefa Rivera Guasp, the plaintiff, had already been ordered, of which proceedings the petitioner had knowledge as may be observed from his first application for a writ of *certiorari.*

The judge, referring to these proceedings previously known to the petitioners and "in view of paragraphs A and B of section two of the act to secure the effectiveness of judgments and a claim for a sum of money being involved, denied

the extension sought to secure the effectiveness of the judgment inasmuch as this was not the proper procedure to stay or set aside the effects of orders made by the court in other proceedings.''

This order is dated March 13, 1908.

In his report the judge adds that had he granted the request for the extension of the order to secure the effectiveness of the judgment, he would have vacated or at least impliedly suspended the order of execution issued in action number 694, between Josefa Rivera Guasp and Ernesto Rivera Guasp.

In a brief dated April 19, filed in the Supreme Court by counsel for the petitioners he states that he had knowledge of the fact that on March 14 the Guayama marshal had carried out the order of the court to deliver the money.

And now the purpose of this application for a writ of *certiorari* is ''that the order of March 13 last be set aside and an order made in lieu thereof granting the petitioner an extension of the order to secure the effectiveness of the judgment prayed for—that is to say, that the marshal of the Guayama court withhold the delivery to Josefa Rivera Guasp, or to any other person, of the surplus of the proceeds from the public sale of the estate belonging to Ernesto Rivera Guasp held on February 21 last, notwithstanding the attachment levied in the case of Josefa Rivera Guasp until judgment be rendered in this case.''

We have held that—

''Every person who by judicial proceedings demands the fulfillment of an obligation may apply for, and obtain from, the court a precautionary measure to secure the effectiveness of the judgment which may be rendered therein, whatever the nature of such obligation.'' (See *Sobrínos de Ezquiaga* v. *Munitiz,* decided May 12, 1905.)

But this case presents another phase which the trial judge also considers, namely, that when the petition for the extension of the order to secure the effectiveness of the judgment was considered the execution of the judgment rendered in the-

proceedings prosecuted by Josefa had already been ordered, and consequently the amount which it was sought to withhold or attach had already been ordered delivered.

This other aspect of the question leads us to consider whether under the circumstances some other remedy was not more adequate to avoid acts by one party to the proceedings tending to destroy the effectiveness of any judgment which might be rendered against him.

But whatever be the case it is a fact that the amount sought to be attached or withheld has been delivered, according to the record, to Josefa Rivera Guasp, and therefore this application for a writ of *certiorari* answers no purpose, because, even assuming that we were to decide that the trial judge had committed an error, such a decision would be ineffectual, and this court should not and cannot sanction the making of orders which for all practical purposes, cannot be enforced.

For these reasons what this party seeks by means of a writ of *certiorari* should be denied.

*Denied.*

Chief Justice Quiñones and Justices Hernández, Mac-Leary, and Wolf concurred.